# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 15, 2003

## CURTIS E. DUKE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marshall County**
**No. 15095    Charles Lee, Judge**

---

### No. M2002-03091-CCA-R3-PC - Filed March 22, 2004

---

The petitioner, Curtis E. Duke, was convicted of two counts of the sale of crack cocaine, one count of possession of crack cocaine with the intent to sell, two counts of criminal impersonation, and one count of failure to appear. As a result, he was sentenced to 39 years in the Department of Correction. See State v. Curtis Emery Duke, No. M2000-00350-CCA-R3-CD, 2001 WL 252080 (Tenn. Crim. App. at Nashville, Mar. 14, 2001), perm. to appeal denied (Tenn. Mar. 27, 2001). In this pro se post-conviction petition, the petitioner presents the following issues for our review: (1) whether the trial court erred in finding that the petitioner waived the amendment of the indictment regarding variance; (2) whether the trial court erred in ruling that the petitioner's convictions were not obtained in violation of double jeopardy; (3) whether the trial court erred in sentencing the petitioner; and (4) whether the petitioner received effective assistance of counsel. Because the first three issues should have been addressed on direct appeal, we conclude that they are waived. Further, petitioner received the effective assistance of counsel. We therefore affirm the trial court's dismissal of the post-conviction petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES, and THOMAS T. WOODALL, JJ., joined.

Curtis E. Duke, *pro se*, Only, Tennessee.

Paul G. Summers, Attorney General & Reporter; P. Robin Dixon, Jr., Assistant Attorney General; Mike McCowen, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

<u>Factual Background</u>

In December of 1998, cooperating individual Donna Sanders informed agents with the 17th Judicial District Drug Task Force of a potential drug sale that evening at her residence in Lewisburg, Tennessee. That evening, two agents arrived at Sanders' residence to purchase crack cocaine. The Director, Assistant Director, and other agents of the task force were stationed in a vehicle approximately one block from the residence to act as a surveillance and apprehension team.

When the two agents arrived at Sanders' trailer, Sanders informed them that the seller had not yet arrived. The agents went into Sanders' trailer to wait. Raymond Ussery, another suspected drug dealer targeted by the Drug Task Force, soon arrived at the trailer. Sanders told Ussery that the agents were waiting because they wanted to purchase crack cocaine. Because Sanders did not have a telephone, Ussery went next door to the trailer of Randy "Cobb" Webster, another suspected drug dealer, to make a telephone call.

Approximately forty-five minutes after Ussery made his telephone call, the petitioner and an unidentified individual arrived at Sanders' residence. The petitioner proceeded to the back bedroom of the trailer and Ussery motioned for one of the agents to join them in the bedroom. Both of the agents purchased crack cocaine from the petitioner at that time.

Following the transaction, one of the agents notified the Assistant Director that the sale was complete and that the petitioner still possessed a golf-ball-sized rock of crack cocaine and that the he would soon be leaving the residence in a truck, accompanied by an unidentified individual. When the petitioner left the residence, he was pursued by the Director and Assistant Director. When his truck pulled over, the petitioner ran through brush and briars attempting to escape. He was observed reaching into his pocket shortly before he was apprehended. Subsequently, a clear plastic baggie containing a golf-ball-sized rock of crack cocaine was located in the bush beside which the petitioner had earlier crouched. Upon his arrest, he gave the authorities his brother's name. His true identity was later discovered by the authorities.

All three substances tested positive for cocaine base. The petitioner was convicted in the Marshall County Circuit Court of two counts of the sale of crack cocaine, one count of possession of crack cocaine with the intent to sell, two counts of criminal impersonation, and one court of failure to appear. He was sentenced to an effective 39 year sentence in the Department of Correction for the convictions. On direct appeal, this court affirmed the convictions after modifying the sentences for criminal impersonation from eleven months, twenty-nine days to six months. <u>See</u> <u>Curtis Emery Duke</u>, 2001 WL 252080, at *8. Our supreme court denied permission to appeal on March 27, 2001. Subsequently, the petitioner filed a petition for post-conviction relief.

<u>Post-Conviction Hearing</u>

At the post-conviction hearing, the post-conviction court heard testimony from the petitioner. He testified that while there was a motion to amend the indictment filed by the State in the underlying case, there was no formal order amending the indictment. He stated that the lack of a formal amendment to the indictment indicated a fatal variance between the indictment and the testimony at trial. He felt that the State had a duty to charge him with selling and delivering a controlled substance "containing cocaine" rather than a controlled substance that was "pure cocaine" as alleged in the original indictment. He also stated that his convictions violated double jeopardy due to the fact that he was convicted of both "sale of cocaine" and "intent to sell cocaine." He felt that a conviction on one offense barred a conviction on the other. He next testified that he was denied the right to a fair trial because the State elicited testimony that he pled guilty to failure to appear and criminal impersonation.

The petitioner admitted that this Court had already determined that the sentence imposed by the trial court was proper, yet maintained that he was denied a fair trial because the trial court erroneously instructed the jury that he was charged with offenses related to the controlled substance of "cocaine base" rather than "cocaine." Finally, the petitioner testified that he received ineffective assistance of counsel because his trial counsel failed to raise entrapment as a defense.

On cross-examination, the petitioner testified that he could not recall whether he had a conversation with trial counsel in which he agreed to amend the indictment from "cocaine" to "cocaine base." On re-direct, however, the petitioner testified that he did discuss the amendment to the indictments with trial counsel. Further, he also admitted that the jury knew he pled guilty to criminal impersonation and failure to appear, because those pleas had been performed in front of the jury.

Trial counsel also testified at the post-conviction hearing. He testified that he received the State's motion to amend the indictment prior to trial and that the change from "cocaine" to "cocaine base" made absolutely no difference in the charges under the statute. He understood the practice of the district attorney's office was to use the language "cocaine base" as opposed to "cocaine" in indictments. His experience was that when the defense and prosecution agreed to amend an indictment, the court did not typically generate a written order. Trial counsel remembered talking to the State about the motion to amend and that after discussing the matter, the two determined that it was simply a clerical error. He also remembered discussing the matter with the petitioner. He testified that he specifically explained the issue to the petitioner and that he agreed to amend the indictment. Trial counsel did not feel that there was a double jeopardy issue to consider. Further, he testified that although he considered all possible defenses, he did not feel that entrapment was a viable defense due to the petitioner's prior drug convictions.

In the post-conviction petition, the petitioner argues that the indictment was fatally flawed because there was no order amending the indictment, his convictions violated double jeopardy, his sentence was excessive, and that he received ineffective assistance of counsel.

Post-Conviction Standard of Review

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not re-weigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. See State v. Honeycutt, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

### Amendment of the Indictment, Double Jeopardy, and Sentencing

On appeal, the petitioner contends that the trial court erred in granting the motion to amend the indictment. Specifically, he argues that as a result of the amendment, he was convicted of a "fatal variance" between the indictment and proof at trial. The State argues that the trial court did not err in amending the indictment and that the petitioner waived this issue by failing to present it in a motion for new trial.

Secondly, the petitioner contends that his convictions violated principles of double jeopardy. Specifically, he argues that double jeopardy prohibits convictions for possession with intent to sell and for selling the same controlled substance. The State argues that there was no double jeopardy violation and that the petitioner waived this issue due to his failure to raise it in a motion for new trial.

We agree with the State. Tennessee Code Annotated section 40-30-206(g) provides the provisions governing waiver of post-conviction allegations. According to this statute:

> A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless: (1) The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or (2) The failure to present the ground was the result of state action in violation of the federal or state constitution.

Tenn. Code Ann. §§ 40-30-206(g)(1) & (2). The petitioner herein has failed to make a claim for relief as required by Tennessee Code Annotated section 40-30-206. Therefore, these issues are waived.

Third, the petitioner argues that the trial court erred in sentencing him. He specifically argues that his sentence violated his right against cruel and unusual punishment and that the trial court erred

in applying certain enhancement factors and failed to apply certain mitigating factors. This issue has been waived in so far as it relates tot he Eighth Amendment claim. Moreover, this Court has already determined that the trial court did not err in sentencing the petitioner. See Curtis Emery Duke, 2001 WL 252080, at *7.

## Ineffective Assistance of Counsel

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. See Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." Henley, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. See id. at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. Burns, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. See Adkins v. State, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. See id. However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. See Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Initially, the petitioner complains that trial counsel was ineffective for not raising entrapment as a defense. The petitioner also argues that trial counsel was ineffective for failing to raise the issues with regard to the amendment of the indictment, double jeopardy, and sentencing in his motion for new trial. The State argues that the petitioner has not established that trial counsel was ineffective.

Trial counsel testified at the post-conviction hearing that he felt that entrapment was not a viable defense because of the petitioner's prior drug convictions. He also testified that he could not

raise the defense of entrapment because the petitioner maintained at trial that he did not commit the offense. Further, trial counsel did not feel that there was a double jeopardy problem and specifically remembered not only discussing the amendment of the indictment with the petitioner, but obtaining his approval for the amendment before agreeing to allow the State to amend the indictment.

After hearing the testimony at the hearing on the post-conviction petition, the post-conviction court found that trial counsel's testimony was credible regarding his strategic decisions associated with the case. Further, the post-conviction court did not feel that entrapment would have been available as a defense to the petitioner at trial. As a result, the post-conviction court found that trial counsel was not ineffective for failing to raise entrapment as a defense.

The petitioner herein did not establish both prongs of the test in order to prevail on a claim of ineffective assistance of counsel. Henley, 960 S.W.2d at 580. In fact, he failed to satisfy even the first prong by showing that counsel was ineffective. Failure to prove either prong provides a sufficient basis to deny relief. Id. The trial court afforded great credibility to the testimony of trial counsel. As stated previously, we give that determination great deference on appeal. See Odum, 928 S.W.2d at 23. We also afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. After a de novo review, we conclude that the evidence in the record does not preponderate against the trial court's decision that trial counsel effectively assisted the petitioner at trial.

## Conclusion

After a thorough review of the record, we find no reversible error and, therefore, affirm the judgment of the post-conviction court.


_____
JERRY L. SMITH, JUDGE